USDC SDNY
DOCUMENT
ELECTRONICALLY F[ILED]
DOC #:
DATE FILED: 2-13-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
WHS SALES CORPORATION,                  :

                Plaintiff,      :   06 Civ. 1938 (SHS)(HBP)

  -against-                            :   MEMORANDUM OPINION
                                                        AND ORDER
CINMAR, L.P., et al.,                   :

                Defendants.     :
----------------------------------X

       PITMAN, United States Magistrate Judge:

       I write to resolve the parties' dispute concerning the appropriate scope of discovery.

       This is a copyright infringement action arising out of defendants' alleged copying of a fabric pattern that plaintiff designates as "Meadow Vine." Plaintiff did not register the Meadow Vine pattern individually; rather, plaintiff registered a book of 25 patterns, including Meadow Vine, with the Copyright Office. Plaintiff was issued registration VA 1-92-752 for the book of patterns on or about June 23, 2003.

       One of the hotly contested issues in this action is the validity of plaintiff's registration. Defendants contend that the registration is invalid, and that the Court, therefore, lacks subject matter jurisdiction. See generally 17 U.S.C. § 411(a); Whimsicality, Inc. v. Rubie's Costume, Inc., 891 F.2d 452, 453 (2d Cir. 1989). Defendants seek discovery concerning the other

designs covered by plaintiff's registration on the theory that any defects in plaintiff's ownership or registration of those designs will invalidate registration VA 1-92-752 in its entirety and result in the dismissal of the action.[1] Plaintiffs contends that defendants' theory is fatally flawed and that discovery should be limited to the derivation and plaintiff's ownership of Meadow Vine.

Because the validity of defendants' argument turns on the question of what will invalidate a group registration, I asked counsel for both sides to submit letter briefs addressing this issue. Unfortunately, neither the parties' research nor my own has found any appellate authority addressing defendants' specific argument. Although there is a helpful discussion of the use of single copyright registrations for groups of works in Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199 (3rd Cir. 2005), there is no discussion in that case that even obliquely addresses defendants' theory here. Similarly, neither Thron v. Harpercollins Publishers, Inc., 01 Civ. 5437 (JSR), 2002 WL 1733640 (S.D.N.Y. July 26, 2002) nor Carrell v. Shubert Org., 104

---

[1] In their letter brief dated January 26, 2007, defendants argue that the plaintiff's registration is invalid for the additional reason that it is not one of the class of group registration recognized in the Copyright Office's regulations and because plaintiff lacks "commonality of rights." I do not find that this letter constitutes an abandonment of the other arguments made by defendants.

2

F. Supp.2d 236 (S.D.N.Y. 2000), which are cited by the parties, provide any guidance.

Given the apparent absence of any precedent either endorsing or rejecting defendants' argument, I conclude that the more prudent course is to permit defendants to conduct discovery regarding the other patterns covered by registration VA 1-92-752, without prejudice to the right of any party to assert any argument concerning the validity of the registration. To preclude the discovery sought by defendants would require me to conclude that defendants' theory has no merit, and, as noted above, the existing authorities do not provide any real guidance one way or the other. Rather than resolve this potentially case-dispositive issue in the context of a discovery motion, I believe that the merits of defendants' argument are better addressed by way of a dispositive motion before the Honorable Sidney H. Stein, the District Judge to whom this matter is assigned, at the conclusion of discovery. Because limiting discovery at this point would require the reopening of discovery if Judge Stein ultimately decides defendants' theory has merit, I believe it will be more efficient to permit the disputed discovery to proceed so that the record is fully developed when the matter is presented to Judge Stein.[2]

---

[2]Indeed, discovery may show that there are not even any arguable defects in plaintiff's ownership of the other patterns
(continued...)

Accordingly, deeming the current dispute to be a motion by defendants to compel discovery concerning patterns covered by registration VA 1-92-752 other than Meadow Vine, the motion is granted. For the reasons set forth above, this Order is not a determination that any of defendants' arguments have or do not have legal merit.

Dated:  New York, New York
        February 13, 2007

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Howard C. Miskin, Esq.
Stoll, Miskin, & Badie
Suite 4710
350 Fifth Avenue
New York, New York  10118

William M. Merone, Esq.
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, D.C. 20005-1257

Robert H. Smeltzer, Esq.
Lowis & Gellen, LLP
Suite 1900
200 W. Adams Street
Chicago, Illinois  60606

---

[2](...continued)
covered by registration VA 1-92-752 in which case it owuld be unnecessary for Judge Stein to reach defendants' argument.

4